**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANTHONY WHITE,<br>Petitioner,<br>v.<br>WARDEN,<br>Respondent. | Civil Action No. 10-4598 (NLH)<br><br>**O P I N I O N** |

**APPEARANCES:**

Anthony White, Pro Se
#11721-171
FCI Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640

Elizabeth Ann Pascal
U.S. Department of Justice
Office of the U.S. Attorney
401 Market Street
P.O. Box 2098
Camden, NJ 08101
Attorney for Respondent

**HILLMAN, District Judge**

Petitioner Anthony White, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The respondent is the warden of the FCI Fort Dix.

Based upon the record presented to this Court, the petition will be denied.

**BACKGROUND**

While housed at the Federal Prison Camp ("FPC") in Ashland, Kentucky, Petitioner was found in possession of a cell phone, resulting in disciplinary proceedings at that facility. Petitioner was charged with having committed a prohibited act at the Greatest Severity Level, and sanctions were imposed.

On September 9, 2010, Petitioner filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, in this Court, as he is currently housed at FCI Fort Dix, and this District Court is within the district of his confinement.  In his petition, Petitioner argues that his due process rights were violated because he had not been given notice that the cell phone violation would be charged and sanctioned at the Greatest Severity level.  He also argues that the Bureau of Prisons ("BOP") violated the Administrative Procedures Act ("APA") in changing the rule, that the rule is vague, and that his equal protection rights were violated as he was sanctioned differently than similarly situated inmates.

Respondent filed an answer to the petition on November 15, 2010 (docket entry 8), and Petitioner filed a Reply (docket entry 12), a Supplemental Declaration (docket entry 13), and a Request to Expedite Ruling (docket entry 14).  Amongst other things, Respondent argued in the answer that the petition was moot,

because Petitioner's disciplinary proceedings were remanded for a new hearing.

On November 19, 2010, after the answer was filed, Respondent filed a letter and declaration (docket entry 10).  The letter noted that the rehearing of Petitioner's disciplinary hearing had taken place on November 18, 2010.  Petitioner's charges were downgraded to a 300 series offense, Possession of Anything Unauthorized, and his sanctions were lowered accordingly.

Petitioner's reply concedes that his sanctions were in fact lowered.  However, Petitioner argues that he was transferred to FCI Fort Dix, from the FPC Ashland, Kentucky, as a disciplinary transfer.  Fort Dix is a higher security facility than Ashland.  Petitioner asks to be returned to a minimum security camp, as opposed to the low security prison of FCI Fort Dix.

## DISCUSSION

### A.   Pro Se Pleadings

The Court recognizes that a pro se pleading is held to less stringent standards than more formal pleadings drafted by attorneys.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  Thus, a pro se habeas petition should be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989).  Because Petitioner is proceeding pro se in his

application for habeas relief, the Court will accord his petition the liberal construction intended for pro se litigants.

**B.   Mootness**

In his petition, Petitioner asked this Court to "Order the BOP to remand the incident report number 1841808, with date of incident of March 7, 2009 at FPC Ashland, for possession of a cell phone."  (Petition, at 15, ¶ b).

Federal courts are not empowered to decide moot issues.  See U.S. CONST. art. III, § 2, cl. 1.; Doe v. Delie, 257 F.3d 309, 313 (3d Cir. 2001)(citing North Carolina v. Rice, 404 U.S. 244, 246 (1971)).  To avoid mootness, a controversy must exist at all stages of review.  See id. (citing New Jersey Turnpike Auth. V. Jersey Central Power & Light, 772 F.2d 25, 31 (3d Cir. 1985)).  "Mootness has two aspects:  (1) the issues presented are no longer 'live' or (2) the parties lack a cognizable interest in the outcome."  Id. (quoting New Jersey Turnpike Auth., 772 F.2d at 31).

In the instant case, Petitioner navigated his administrative remedies, and the relief he sought in his original petition was granted: the BOP remanded to the DHO for a new hearing on the challenged charges, and the charges were downgraded, and sanctions amended accordingly.  Thus, because the issues are no longer "live" and because a controversy no longer exists, see

4

Spencer v. Kemna, 523 U.S. 1, 7 (1998), the issues raised in the instant petition are moot.

**C.  Jurisdiction**

To the extent that Petitioner now seeks to challenge his placement in FCI Fort Dix, based on the disciplinary charge, his claim must be dismissed for lack of jurisdiction.

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless... He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

A habeas petition is the proper mechanism for an inmate to challenge the "fact or duration" of his confinement, Preiser v. Rodriguez, 411 U.S. 475, 498-99 (1973), including challenges to prison disciplinary proceedings that affect the length of confinement, such as deprivation of good time credits, Muhammad v. Close, 540 U.S. 749 (2004) and Edwards v. Balisok, 520 U.S. 641 (1997).  See also Wilkinson v. Dotson, 544 U.S. 74 (2005). Habeas corpus is an appropriate mechanism, also, for a federal prisoner to challenge the execution of his sentence.  See Coady v. Vaughn, 251 F.3d 480, 485-86 (3d Cir. 2001); Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1990).  In addition, where a prisoner seeks a "quantum change" in the level of custody, for example, where a prisoner claims to be entitled to probation or

bond or parole, habeas is the appropriate form of action. See, e.g., Graham v. Broglin, 922 F.2d 379 (7th Cir. 1991) and cases cited therein.

In this case, Petitioner's challenge regarding his transfer and custody level classification does not affect the fact or the length of his incarceration. Consequently, habeas relief is unavailable to him. See Ganim v. Federal Bureau of Prisons, 235 Fed. Appx. 882, 884 (3d Cir. 2007) (holding that Ganim's challenge to the BOP's failure to transfer him from FCI Fort Dix to the Federal Correctional Camp at Otisville, New York, was not cognizable under § 2241 and that this Court erred by failing to dismiss Ganim's § 2241 petition for lack of jurisdiction); Bronson v. Demming, 56 Fed. Appx. 551, 553-54 (3d Cir. 2002) (unpubl.).

The Court of Appeals for the Third Circuit has explained that:

> whenever the challenge ultimately attacks the "core of habeas" the validity of the continued conviction or the fact or length of the sentence challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

Leamer v. Fauver, 288 F.3d 532, 542 (3d Cir. 2002). For example, in Bronson, the petitioner brought habeas petitions to challenge the constitutionality of administrative decisions which placed

6

him in a prison restricted housing unit.  See Bronson, 56 Fed. Appx. at 552.  The Court of Appeals rejected the petitioner's argument that he may challenge the conditions of confinement in a habeas petition, since no matter what the outcome of the habeas petition, the fact or length of his incarceration would not be affected.  See id. at 554.

Also, in Jamieson v. Robinson, the Court of Appeals for the Third Circuit noted that the relief requested by the petitioner "would not serve to diminish the length of his incarceration," but rather sought "only to alter the conditions of his confinement." Jamieson v. Robinson, 641 F.2d 138, 141 (3d Cir. 1981).  The Court of Appeals followed United States Supreme Court precedent in Preiser, to note that the district court was incorrect in finding that the petitioner's claims challenging the availability of work release programs in prison sounded in habeas.  See Jamieson, 641 F.2d at 141.  Nevertheless, the Court of Appeals found that despite this error, the petitioner's claims were subject to dismissal.  See id.

In the present case, Petitioner's claims plainly involve conditions of prison life, not the fact or duration of his incarceration, as he challenges his prison transfer and his custody level classification.  These claims are more properly brought in an action under the Declaratory Judgments Act, 28 U.S.C. §§ 2201-2202, or in a civil rights complaint under Bivens

v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).[1]

Therefore, upon careful review of the petition as discussed above, this Court concludes that Petitioner does not seek speedier or immediate release from custody, nor does he challenge the legality of his present incarceration.  Rather, Petitioner

---

[1]  This Court notes that to the extent Petitioner argues that his classification deprives him of liberty without due process in violation of the Fifth Amendment, his claims would appear to be without merit.  See, e.g., Olim v. Wakinekona, 461 U.S. 238, 245 (1983); Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Montanye v. Haymes, 427 U.S. 236, 242 (1976) ("As long as the conditions or degree of confinement to which the prisoner is subjected is within the sentence imposed upon him and is not otherwise violative of the Constitution, the Due Process Clause does not in itself subject an inmate's treatment by prison authorities to judicial oversight."); Moody v. Daggett, 429 U.S. 78, 88 n.9 (1976) (noting that prison classification and eligibility for rehabilitative programs in the federal prison system are matters delegated by Congress to the "full discretion" of federal prison officials, see 18 U.S.C. § 4081, and thus implicate "no legitimate statutory or constitutional entitlement sufficient to invoke due process"); Wesson v. Atlantic County Jail Facility, 2008 WL 5062028, *6 (D.N.J. Nov. 26, 2008) (Hillman, J.) (it is well established that an inmate has no liberty interest in a particular custody level or place of confinement).  See also Sandin v. Connor, 515 U.S. 472, 484-86 (1995) (holding that a liberty interest is implicated only where the action creates "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or creates a "major disruption in his environment"); Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454, 463 (1989) (holding that a liberty interest arises only where a statute or regulation uses "explicitly mandatory language" that instructs the decision-maker to reach a specific result if certain criteria are met); Marti v. Nash, 227 Fed. Appx. 148, 150 (3d Cir. 2007) (inmate has no due process right to any particular security classification and, therefore, could not challenge his public safety factor of "greatest severity", which prevented his placement in a minimum security facility).

simply disputes his custody level classification and his transfer to a higher security level facility, which are challenges to the conditions of his confinement.  These challenges are appropriately remedied in a civil rights action under <u>Bivens</u>. Consequently, the petition will be denied, without prejudice to any right Petitioner may have to reassert his present claim in a properly filed civil complaint.[2]

### **CONCLUSION**

Based upon the foregoing, the petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241 is hereby denied.  An appropriate Order accompanies this Opinion.

<div style="text-align: right;">

<u> /s/ Noel L. Hillman      </u>
NOEL L. HILLMAN
United States District Judge

</div>

Dated: July 14, 2011

At Camden, New Jersey

---

[2] Should Petitioner decide to file a civil rights complaint in this District Court, he must either pay the $350.00 filing fee or submit a complete IFP application with his six month prison account statement, pursuant to 28 U.S.C. § 1915(a)(2).

9